# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH PUGLIESE<br>1172 Concord Drive<br>Brick, NJ 08724 | : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO.: _____ |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| AMERICAN WAGERING, INC. d/b/a<br>WILLIAM HILL US<br>635 South Rainbow Drive<br>Las Vegas, NV 89118<br>     and<br>WILLIAM HILL NEW JERSEY, INC.<br>635 South Rainbow Drive<br>Las Vegas, NV 89118<br>     and<br>CAESAR'S ENTERTAINMENT, INC.<br>d/b/a CAESAR'S SPORTSBOOK<br>175 Oceanport Avenue<br>Oceanport, NJ 07757 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Joseph Pugliese (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by American Wagering, Inc. d/b/a William Hill US, William Hill New Jersey, Inc., and Caesar's Entertainment, Inc. d/b/a Caesar's Sportsbook (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and the New Jersey Law against

Discrimination ("NJ LAD"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Defendant American Wagering, Inc. d/b/a William Hill US (*hereinafter* "Defendant AW") is a corporation within the gambling industry, with headquarters at the above-captioned address, and operating from locations in several states throughout the United States (including New Jersey). Plaintiff was hired through and worked out of Defendant AW's 175 Oceanport Avenue, Oceanport, New Jersey location.

9. Defendant William Hill New Jersey, Inc. (*hereinafter* "Defendant WHNJ") is a corporation within the gambling industry, with headquarters at the above-captioned address, and operating from locations in several states throughout the United States (including New Jersey). Plaintiff was hired through and worked out of Defendant WHNJ's 175 Oceanport Avenue, Oceanport, New Jersey location.

10. Defendant Caesar's Entertainment, Inc. d/b/a Caesar's Sportsbook (*hereinafter* "Defendant Caesar's"), upon information and belief, is a corporation in the gambling industry that acquired Defendant AW's and Defendant WHNJ's 175 Oceanport Avenue, Oceanport, New Jersey location in or about April of 2021.

11. Defendant Caesar's is liable under the Successor Liability Doctrine since, upon information and belief:

   a. Defendant Caesar's has maintained the entire continuity of operations of Defendant AW's and Defendant WHNJ's 175 Oceanport Avenue, Oceanport, New Jersey location without interruption;

   b. The facility at which Plaintiff worked is still an operating facility with the same clientele, operations and the same underlying employees as it had while under ownership of Defendant AW and Defendant WHNJ;

    c. Staff members of Defendant AW's and Defendant WHNJ's 175 Oceanport Avenue, Oceanport, New Jersey location maintained their employment and roles upon their facility being taken over by Defendant Caesar's;

    d. Defendant Caesar's operates the location where Plaintiff worked with substantially the same equipment as was used during Defendant AW's and Defendant WHNJ's ownership.

12. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action

13. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

14. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

15. Plaintiff was hired by Defendants AW and WHNJ on or about October 23, 2020, as a Sports Book Cashier/Ticket Writer to work out of Defendants' 175 Oceanport Avenue, Oceanport, New Jersey location.

16. As a Sports Book Cashier/Ticket Writer for Defendants AW and WHNJ, Plaintiff sat behind a window all day processing customers' betting tickets and providing any monies for their winnings.

17. Plaintiff was primarily supervised by Assistant Managers, Richard Cook (*hereinafter* "Cook"), Diana Donovan (*hereinafter* "Donovan"), Brian Santos (*hereinafter* "Diana Donovan"), Brandon Walsh (*hereinafter* "Walsh"), and Zachary Rosner (*hereinafter* "Rosner"), and generally by Manager, Bill Wentz (*hereinafter* "Wentz").

18. Throughout his employment with Defendants AW and WHNJ, Plaintiff was a hard-working employee who performed his job well.

19. Plaintiff has and continues to suffer from qualifying disabilities, including but not limited to, arthritis (affecting his back), which (at times) limits him from performing some daily life activities, such as walking, sitting for long periods of time, and working (among other daily life activities).

20. Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of his job well with Defendants AW and WHNJ; however, Plaintiff did require reasonable medical accommodations at times (discussed *infra*).

21. For example, the job duties that Plaintiff was assigned to perform for Defendants AW and WHNJ required sitting for long periods of time in a chair; however, the chair Defendants provided to Plaintiff was uncomfortable, not conducive to sitting for long periods of time, and exacerbated his aforesaid serious health conditions, causing him severe pain to his back.

22. On several occasions throughout his tenure with Defendants AW and WHNJ, Plaintiff requested to multiple levels of management, a simple workplace accommodation of being provided a different chair to alleviate his worsening health conditions.

23. Plaintiff's aforesaid requests for an accommodation, however, were met with curt responses, including that no new or different chair would be provided, and other comments

including that if Defendants provided Plaintiff with a different chair, they would have to do expend several thousands of dollars to give new chairs to all their staff.

24. On or about Monday, January 4, 2021, Plaintiff informed Donovan that he needed to leave work early (a reasonable accommodation under the ADA) because his chair was causing him to suffer severe back pain.

25. Plaintiff was already scheduled off work for the following two days – Tuesday, January 5, 2021, and Wednesday, January 5, 2021.

26. Thereafter, on or about January 6, 2021, given Plaintiff's repeated requests for accommodations had fallen on deaf ears and that he could not go back to work in intolerable pain, Plaintiff felt he had no other choice than to send a text message to Wentz that he was unable to continue his duties because of his worsening health conditions.  More specifically, Plaintiff informed Defendants AW and WHNJ in his text that he was "suffering" due to Defendants' failure to provide him a proper chair.

27. Defendants AW and WHNJ failed to comment at all about Plaintiff's aforesaid complaint that they failed to accommodate him (*see* Paragraph 26, *supra*) but simply asked if his resignation was effective immediately (thus memorializing their lack of regard for Plaintiff's health).

28. After continuously being refused his requested accommodation and the resulting worsening of his aforesaid health conditions, Plaintiff was constructively discharged from his employment with Defendants AW and WHNJ on or about January 6, 2021.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination & [2] Failure to Accommodate)
-Against All Defendants-

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

31. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants AW and WHNJ; however, Plaintiff did require reasonable accommodations at times.

32. Plaintiff requested a reasonable medical accommodation from Defendants AW and WHNJ, including but not limited to being provided with a different chair to alleviate his worsening health conditions, on multiple occasions.

33. Defendants AW and WHNJ refused to accommodate Plaintiff's aforesaid requests without providing him with a logical or legitimate reason as to why and failed to engage in any interactive process with him.

34. After continuously refusing his requested reasonable accommodation, Plaintiff had no choice but to resign from his employment with Defendants AW and WHNJ effective January 6, 2021.

35. Plaintiff believes and therefore avers that he was constructively discharged from his employment with Defendants AW and WHNJ because of (1) his known/perceived/record of disabilities (2) his requested accommodations; and (3) Defendants' failure to accommodate his disabilities.

36. As set forth above, Defendant Caesar's is liable under the Successor Liability Doctrine.

37. These actions aforesaid constitute violations of the ADA.

## COUNT II
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
([1] Actual/Perceived/Record of Disability Discrimination & [2] Failure to Accommodate)
-Against All Defendants-

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. As set forth above, Defendant Caesar's is liable under the Successor Liability Doctrine.

40. Plaintiff reasserts each and every allegation from Count I, as such actions in this case constitute identical violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be awarded any and all statutory enhancements available as a matter of law.

G. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  December 1, 2021